1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Antonio Goodwin,

                 Plaintiff,

    v.

Cellular Sales,

              Defendant.

Case No. 2:23-cv-01176-RFB-BNW

**ORDER**

Last September, the district judge assigned to this case granted Defendant's motion to compel arbitration, and he stayed the case pending resolution of the arbitration proceedings. ECF No. 37. In the past two months, pro se Plaintiff has filed ten motions related to vacating the arbitration proceedings due to purported evidence of fraud, corruption, and arbitrator misconduct. *See* ECF Nos. 38, 41, 45, 46, 49, 52, 53, 54, 55, 56. In response, Defendant moved to strike Plaintiff's motion to vacate the arbitration (ECF No. 40), to strike two of Plaintiff's motions to supplement (ECF No. 50), and for sanctions (ECF No. 47). For the reasons discussed below, this Court denies all thirteen motions and warns Plaintiff that future filings of this kind will likely result in sanctions.

**I.   LEGAL STANDARD**

District courts' authority regarding arbitration "is generally limited to decisions that bookend the arbitration itself," such as compelling arbitration where there is a valid arbitration agreement. *In re Sussex*, 781 F.3d 1065, 1071 (9th Cir. 2015). "[The Federal Arbitration Act] does not suggest that a court could otherwise intervene before a final award is made." *Id.* at 1071–72. This is because allowing court intervention into arbitration proceedings would frustrate the very purpose of arbitration—the "disposition of disputes without the expense and delay of extended court proceedings." *Aerojet-Gen. Corp. v. Am. Arb. Ass'n*, 478 F.2d 248, 251 (9th Cir. 1973). And although the Ninth Circuit has carved out a narrow exception to this rule for "the

1    most extreme cases," it has yet to affirm a district court's decision to intervene mid-arbitration.

2    *See id.*; *see also In re Sussex*, 781 F.3d at 1075.

3    **II.    DISCUSSION**

4           This Court denies Plaintiff's motion to vacate the arbitration (ECF No. 38) for three

5    reasons. First, this action is stayed pending the completion of arbitration. *See* ECF No. 37; *see*

6    *also Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) ("The power to stay proceedings is

7    incidental to the power inherent in every court to control the disposition of the causes on its

8    docket with economy of time and effort for itself, for counsel, and for litigants."). Plaintiff's

9    motion runs counter to this stay as arbitration has not concluded. Second, Plaintiff has filed no

10   points and authorities in support of his motion, which constitutes a consent to the denial of the

11   motion under this district's local rules. *See* Local Rule 7-2(d) ("The failure of a moving party to

12   file points and authorities in support of the motion constitutes a consent to the denial of the

13   motion."). Third, as discussed above, binding case law does not favor intervening in a pending

14   arbitration. *Id.*; *see also Millmen Loc. 550, United Bhd. of Carpenters & Joiners of Am., AFL-*

15   *CIO v. Wells Exterior Trim*, 828 F.2d 1373, 1375 (9th Cir. 1987).

16          Given this Court's denial of Plaintiff's motion to vacate the arbitration, it denies

17   Defendant's motions to strike (ECF Nos. 40 and 47) and Plaintiff's related filings (ECF Nos. 41,

18   45, 46, 49, 52, 53, 54, 55, 56) as moot. As for Defendant's motion for sanctions (ECF No. 47),

19   this Court, at this time, denies the motion in its discretion.. Fed. R. Civ. P. 11(c) (stating that

20   courts "may" impose sanctions under this rule); *see also Cooter & Gell v. Hartmarx Corp.*, 496

21   U.S. 384, 407 (1990) ("Indeed, because the district court has broad discretion to impose Rule 11

22   sanctions, appeals of such sanctions may frequently be frivolous."). However, Plaintiff is on

23   notice that no further filings of this kind will be allowed in this case until arbitration is completed.

24   Failure to comply may result in sanctions. *See* Local Rule 11-8(e).

25   **III.   CONCLUSION**

26          **IT IS ORDERED** that Plaintiff's Motion for an Early Vacate in the Arbitration Mediation

27   Case (ECF No. 38) is **DENIED**. Accordingly, Plaintiff's related motions (ECF Nos. 41, 45, 46,

28   49, 52, 53, 54, 55, 56) are **DENIED** as moot.

1       **IT IS FURTHER ORDERED** that Defendant's Counter Motion to Strike (ECF No. 40)

2  and Motion to Strike (ECF No. 50) are **DENIED** as moot.

3       **IT IS FURTHER ORDERED** that Defendant's Motion for Sanctions (ECF No. 47) is

4  **DENIED** without prejudice.

5       **IT IS FURTHER ORDERED** that if Plaintiff continues to file in this case before

6  arbitration is completed, he may be subject to sanctions. *See* Local Rule 11-8(e).

8      DATED: August 20, 2025

10                            _____

11                         BRENDA WEKSLER
                               UNITED STATES MAGISTRATE JUDGE