**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

ANTONIO GOODWIN,

Plaintiff,

v.

CELLULAR SALES,

Defendant.

Case No.: 2-23-cv-01176-RFB-BNW

**ORDER TO CERTIFY APPEAL AS FRIVOLOUS AND LIFTING STAY**

Before the Court are Defendant's Motion to Certify Appeal as Frivolous (ECF No. 120) ("Motion to Certify") and Motion to Lift Stay and Confirm Arbitration Award (ECF No. 75) ("Motion to Lift Stay"). The Court grants both motions.

## I. RELEVANT PROCEDURAL BACKGROUND

On July 25, 2023, *pro se* Plaintiff Antonio Goodwin commenced the instant action by filing a complaint alleging violations of Title VII of the Civil Rights Act of 1964 by Defendant Cellular Sales ("Cellular"). See ECF No. 1. On October 17, 2023, Cellular filed a Motion to Compel Arbitration and for a Stay of Proceedings. See ECF No. 8. The Court granted Cellular's Motion and stayed the case pending resolution of the arbitration proceeding. See ECF No. 37. Arbitration concluded on October 17, 2025; an Arbitration Award was issued dismissing Plaintiff's claims against Cellular in their entirety with prejudice. See ECF No. 71. On November 21, 2025, Cellular filed the instant Motion to Lift Stay pursuant to the Federal Arbitration Act ("FAA"). See ECF No. 75.

On July 27, 2026, Plaintiff filed a Motion for Appointment of Counsel. See ECF No. 93. That Motion was denied as improper. See ECF No. 96. Plaintiff filed a renewed motion for

appointment of counsel. See ECF No. 104. On August 20, 2026, the Court denied Plaintiff's Motion. See ECF No. 106. Plaintiff objected to the Court's Order, see ECF No. 107, and the Court overruled Plaintiff's objection. See ECF No. 116. On August 25, 2026, Plaintiff submitted a notice of appeal of the Court's overruling of his objection. See ECF No. 118. On September 4, 2026, Cellular filed the instant Motion to Certify. See ECF No. 120. The Court's order on the Motion to Lift Stay and Motion to Certify follows.

## II. LEGAL STANDARD

### A. *Motion to Certify*

In the Ninth Circuit, a district court is generally divested of jurisdiction over matters for which a notice of appeal is filed, unless it certifies in writing that the appeal is frivolous or forfeited. See Chuman v. Wright, 960 F.2d 104, 105 (9th Cir. 1992); Rodriguez v. Cnty. of Los Angeles, 891 F.3d 776, 790–91 (9th Cir. 2018). An appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit. Cf. In re George, 322 F.3d 586, 591 (9th Cir. 2003); Maisano v. United States, 908 F.2d 408, 411 (9th Cir. 1990).

### B. *Motion to Lift Stay*

Under the FAA, if a party seeks a judicial order confirming an arbitration award, the Court must grant such an order "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. Section 10 permits vacatur only where some misconduct tainted the arbitral process, and Section 11 permits modification or correction only where some technical error exists. See 9 U.S.C. §§ 10–11; Kyocera Corp. v. Prudential-Bache Trade Servs., Inc., 341 F.3d 987, 997–98 (9th Cir. 2003). Ultimately, the district court has extremely limited authority to review arbitration proceedings and awards. See id.

## III. DISCUSSION

### A. *Motion to Certify*

First, the Court considers whether Plaintiff's Notice of Appeal (ECF No. 118) divests it of jurisdiction. Because the Court grants Defendant's Motion to Certify, and accordingly certifies

that Plaintiff's appeal is frivolous, the Court finds that it retains jurisdiction over the case.

As a preliminary matter, orders denying appointment of counsel in civil rights cases are "final" for appellate purposes. See Bradshaw v. Zoological Soc. of San Diego, 662 F.2d 1301, 1306 (9th Cir. 1981). However, because Plaintiff's appeal yields obvious results and is without merit, the Court finds it to be frivolous.

Plaintiff has appealed the Court's overruling of his objection to this Court's Order denying appointment of counsel. A district court may reconsider any matter which a magistrate judge may finally determine when it has been shown that the magistrate judge's order is "clearly erroneous or contrary to law." Local Rule IB 3-1.

Civil litigants do not have a Sixth Amendment right to appointed counsel, but courts have discretion to request that an attorney represent civil litigants upon a showing of exceptional circumstances. See Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004). To determine whether exceptional circumstances exist, courts may evaluate (1) the likelihood of plaintiff's success on the merits; and (2) the plaintiff's ability to articulate his claim *pro se* in light of the complexity of the legal issues involved. See id.

In denying Plaintiff's motion for appointment of counsel, the Honorable Judge Weksler concluded that there were no exceptional circumstances because (1) Plaintiff's claims had already been dismissed by two independent administrative agencies, and were thus unlikely to succeed on the merits; and (2) Plaintiff had filed numerous motions demonstrating his ability to articulate his claims *pro se*, even given the complexity of the legal issues involved. See ECF No. 106 at 2.

The Court finds that Judge Weksler's order applied the proper legal standard and was thus neither clearly erroneous nor contrary to law. As a result, overruling the objection was undoubtedly proper. The Court further finds that such a result is obvious, and that any argument of error that Plaintiff could raise would be without merit. Accordingly, the Court grants the Motion to Certify and certifies that Plaintiff's appeal is frivolous.

**B. *Motion to Lift Stay***

The Court turns to Defendant's Motion to Lift Stay. In response to the Motion to Lift Stay, Plaintiff submitted a filing devoid of legal points or authorities. See Local Rule 7-2(a). Despite

Plaintiff's failure to comply with this Court's Local Rules, the Court turns to the merits of Defendants' Motion.

As explained above, the Court has extremely limited authority to review arbitration proceedings, and may only vacate, modify, or correct an arbitration award upon a showing of misconduct or a technical error. Here, the arbitrator entered an arbitration award dismissing the case with prejudice. The arbitrator did so as sanctions for Plaintiff's improper litigation practices. See generally Arbitration Award, Motion to Lift Stay, Exhibit E, ECF No. 75-2 at 20–32.

Plaintiff does not allege any technical error that would warrant modification or correction of the award under 9 U.S.C. § 11. See generally Plaintiff's Response to Motion to Lift Stay, ECF No. 76.

In addition, vacatur of the award is not warranted under 9 U.S.C. § 10. The award was not procured by fraud because the arbitrator did not ultimately decide the award on the merits of the claim, nor make any findings of fact. See 9 U.S.C. § 10(a)(1). Plaintiff has not set forth any evidence of partiality or corruption in the arbitrator. See 9 U.S.C. § 10(a)(2). Specifically, Plaintiff has not established any "specific facts indicating actual bias toward or against a party", nor has he shown that the arbitrator "failed to disclose to the parties information that creates a reasonable impression of bias." Lagstein v. Certain Underwriters at Lloyd's, London, 607 F.3d 634, 645–46 (9th Cir. 2010). See generally Plaintiff's Response to Motion to Lift Stay, ECF No. 76. Plaintiff has also failed to sufficiently allege that the arbitrator exceeded his powers. See 9 U.S.C. §10(a)(3). Indeed, the arbitrator complied with his obligation to explain the sanctions award in writing and properly considered submission of evidence and legal argument. See Arbitration Award, Motion to Lift Stay, Exhibit E, ECF No. 75-2 at 20–32; American Arbitration Association Employment Dispute Resolution Rules R-57, Motion to Lift Stay, Exhibit F, ECF No. 75-2 at 62–62. Thus, because the award will not be vacated, modified, or corrected, the Court finds that it must grant Defendants' Motion to Lift Stay and confirm the arbitration award pursuant to 9 U.S.C. § 9.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** Defendant's Motion to Certify the

Appeal as Frivolous (ECF No. 120) is **GRANTED**. The Court hereby **CERTIFIES** that Plaintiff's appeal is frivolous.

**IT IS FURTHER ORDERED** Defendant's Motion to Lift Stay and Confirm Arbitration Award (ECF No. 75) is **GRANTED**. Plaintiff's claims against Defendant are **DISMISSED WITH PREJDUICE**.

The Clerk of the Court is kindly instructed to close this case and terminate all outstanding motions. Plaintiff is advised that further filings in this now-closed case may result in sanctions.

**DATED:** September 28, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**